O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

```
IN RE ERMA LEE MARSHALL,   )   Case No. EDCV 11-00137 DDP
ERMA LEE MARSHALL,         )
                           )   ORDER AFFIRMING BANKRUPTCY COURT
            Plaintiffs,    )
                           )
     v.                    )   [US Bankruptcy Court,
                           )   6:10-48795 CB]
DAN Z. BOCHNER,            )
                           )
            Defendant.     )
                           )
                           )
_____)
```

## I. Background

Erma Marshall has filed for bankruptcy. In re Erma Lee Marshall, Case No. 10-48795. Erma Marshall and Greta Curtis, who is Ms. Marshall's attorney, have appealed two bankruptcy orders from two cases. (See generally 11-137, Appellants' Opening brief, Docket No. 14.)[1] The first case is In re: Erma Lee Marshall, which had the adversary case number 10-1710 ("the 10-1710 case") in

cc: US Bankruptcy Court & US Trustee's Office

---

[1] Appellants filed the same brief in both appeals (Case Nos. CV 11-137 and 11-146) before this Court.

bankruptcy proceedings, and the second was <u>In re: Erma Lee Marshall</u>, which had the bankruptcy adversary case number 10-1711 ("the 10-1711 case"). On December 21, 2010, the Bankruptcy Court heard appellee Dan Z. Bochner's Motions to Remand and for Attorney Fees in both cases. (11-137, AER Ex. H.)[2] On appeal, the district court case number for the 10-1710 case is 11-137, and the district court case number for the 10-1711 case is 11-146.

    The 10-1710 case involved an unlawful detainer action that was filed in state court by appellee Dan Z. Bochner against Mt. Zion Missionary Baptist Church. (<u>See generally</u> 11-137, AER Ex. B.) Ms. Marshall was a non-party to this suit. (<u>See</u> <u>id.</u>; <u>see generally</u> <u>id.</u> Ex. H.) However, a lien on Ms. Marshall's home served as collateral for a loan that Mr. Bochner gave to Mt. Zion–a loan that was allegedly in default. (<u>Id.</u>) The 10-1710 case was "on the eve of trial" when Ms. Marshall removed the case to bankruptcy court. (AER, Ex. H at 157:22.) The Bankruptcy Court remanded the 10-1710 case and ordered Ms. Curtis, who served as Ms. Marshall's attorney, to pay attorney's fees to Mr. Bochner in the amount of $1,945. (<u>See generally</u> 11-137, AER Ex. A.) A verdict has since been rendered in Appellants favor in this case. (<u>See generally</u> 11-137, Request for Judicial Notice, Exs. A and B, Docket No. 17.) The 10-1711 case involved various claims and cross claims related to Mr. Bochner's loan to the church, the foreclosure on it, and the lien against Ms. Marshall's property. (<u>See generally</u> 11-146 AER Ex. B.) The Bankruptcy Court remanded this case, as well, and emphasized

---

[2] Citations to the record will first cite the relevant district court case. The same transcript applies the hearings in both motions.

2

that "all claims alleged in the complaints and cross-complaints are solely state law claims . . . ." (<u>Id.</u> Ex. A at 2:2-3.)

## II. <u>Analysis</u>

The order granting remand in the 10-1710 case is silent about the grounds for doing so. (<u>See generally</u> 11-137 AER Ex. A.) The order granting remand in 10-1711 mentions 28 U.S.C. § 1452(b), which permits a bankruptcy court to remand a case on "any equitable grounds," as a grounds for remand. (11-146, Ex. A at 3:8-11.) The Court construes the remand in 10-1710 to also be on equitable remand grounds.

Although the order in 10-1710 does not explain why remand was granted, the transcript from the hearing offers some clues. (<u>See generally</u> 11-137, AER Ex. H.) The Bankruptcy Court at several times discusses how mandatory abstention precluded it from exercising jurisdiction over the case. (<u>Id.</u> at 157:19-25, 158:11-17, 160:20-23.) Mandatory abstention, though, would not apply in this case, because the case was removed from state court, and, therefore, there was no pending state court action. <u>Hendricks v. Detroit Diesel Corp.</u>, No. C-09-3939 EMC, 2009 WL 4282812, at *7 (N.D. Cal. Nov. 25, 2009) (holding that "mandatory abstention does not apply to removed cases because there is no parallel court proceeding") (citing <u>Schulman v. California (In re Lazar</u>), 237 F.3d 967, 981-82 (9th Cir. 2001). When bankruptcy courts make a mandatory abstention decision in the incorrect context, as is the case here, reviewing courts may treat the decision as one pertaining to equitable remand under 28 U.S.C. § 1452(b). <u>Sec. Farms v. Int'l Broth. of Teamsters, Chauffers, Warehousemen & Helpers</u>, 124 F.3d 999, 1010 (9th Cir. 1997) ("[W]e treat the denial

3

1  of abstention in this case as a decision not to remand . . .
2  [pursuant to] 28 U.S.C. § 1452(b)."").  In deciding whether to apply
3  equitable remand, a court will consider the following factors:

> whether remand would prevent uneconomical use of judicial resources, what effect remand would have on the administration of the bankruptcy estate, whether the case involves questions of state law better addressed by state court, comity, prejudice to involuntarily removed parties, whether remand will lessen the possibility of inconsistent results, and the expertise of the court in which the action originated.

Doss v. Chrysler Group, LLC, No. CV-09-02130-PHX-DGC, 2009 WL 4730932, at *4 (D. Ariz. Dec. 7, 2009).  The issues pertaining to equitable remand were present in the Bankruptcy Court's discussion of mandatory abstention:

> There's a mandatory abstention on my part. These cases involve parties that are not the Debtor.  They are third parties. They are state law matters. It was filed on the eve of trial. It looks -- it has all the indications of being an attempt to delay a creditor. This is not the proper use of bankruptcy.

(AER Ex. H at 157:19-25.)

Section 1452(b) "is an unusually broad grant of authority," and remands granted pursuant to this statute are reviewed on an abuse of discretion standard.  In re McCarthy, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999).  Here, it cannot be said that the Bankruptcy Court abused its discretion.  Both cases exclusively involved state law claims.  Moreover, the 10-1710 case was on the eve of trial when it was removed.  Appellants do not address such concerns in their brief.  For these reasons the Bankruptcy Court's

///
///

4

orders granting remand are AFFIRMED.³ This was a clear case for equitable remand, so the attorneys fees awarded in 10-1710 are also AFFIRMED.⁴

IT IS SO ORDERED.

Dated: July 30, 2013

DEAN D. PREGERSON
United States District Judge

---

³Appellants contend that the Bankruptcy Court improperly referred to other-related proceedings in making its decision. (11-137, Appellants' Opening Brief at 10-11.) However, the Bankruptcy Court merely took judicial notice of other-related actions. (11-146, AER Ex. A at 2:18-28.) Regardless, Appellants' claim that they suffered prejudice as a result fails. Despite Appellants' contention, the order in the 10-1711 case shows the Bankruptcy Court was aware the Ms. Marshall had filed cross-claims. (11-146, AER Ex. A at 2:10-17.)

⁴Appellee seems to suggest that the 10-1710 case was dismissed pursuant to subject matter jurisdiction grounds. As discussed, the Bankruptcy Court's order regarding remand is silent on its grounds for doing so. (11-137, AER Ex. A at 4-8.) As also stated, the transcript is replete with references to mandatory abstention, which, when applied in the incorrect context, may be interpreted as a granting of equitable remand. Additionally, in light of Appellant's own bankruptcy action, the Bankruptcy Court's "related to" jurisdiction suggests that jurisdiction might have properly been exercised over the unlawful detainer action. In re Fietz, 852 F.2d 455, 457 (9th Cir. 1988) ("The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether <u>the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy</u>.") (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir.1984) (emphasis in original); see also Bankruptcy Law Manual § 2:9 (5th ed. 2012) ("Celotex demonstrates, the related to jurisdiction of the bankruptcy court is exceptionally broad. For example, it makes no difference whether the debtor is a party to the proceeding; disputes between nondebtor third parties can be related to the bankruptcy case if they meet the circuit's articulated test for related to jurisdiction, such as, for example, where the outcome of the dispute could create an indemnification claim against the debtor. A suit may be related to a bankruptcy case even though it does not involve debtor's property.") (citing numerous cases).

5